THOMAS E. BRASTOW and others *vs.* ROCKPORT ICE COMPANY.

Knox.    Opinion January 28, 1885.

*Great ponds.    Ice.*

In this State, all ponds containing more than ten acres are public ponds, and the right to cut ice upon them is a public right, free to all. In this particular, the owners of the shores have no greater rights than other persons who can reach the ponds without trespassing upon the lands of others.

BILL IN EQUITY.

Heard on bill, answer and proof.

*Baker, Baker and Cornish,* in an elaborate argument contended that the plaintiffs had the exclusive right to cut the ice on Lily pond, though it contained more than ten acres, in front of their land.    By the English common law the right of property *jus privatum,* both in soil and water, existed in tidal and fresh waters. In tidal waters it was *prima facie* in the crown.    In fresh waters it was *prima facie* in the individual, but in all navigable waters the right of property, whether in the individual or the sovereign, was subject to the public right.    Gould, Waters, §§ 17, 42; *Nichols* v. *Boston,* 98 Mass. 41; *Com.* v. *Alger,* 7 Cush. 53; *Hale, DeJure Maris,* chap. v. c. 1, 3; *Murphy* v. *Ryan,* Ir. R. 2 C. L. 143; *Adams* v. *Pease,* 2 Conn. 481; *Mill River Co.* v. *Smith,* 34 Conn. 463; *McFarlin* v. *Essex Co.* 10 Cush. 309; *Nichols* v. *Suncook Co.* 34 N. H. 345; *Bradford* v. *Cressey,* 45 Maine, 9; *Granger* v. *Avery,* 64 Maine, 292; *Providence Co.* v. *Steamship Co.* 20 Alb. Law J. 302; *Colchester* v. *Brooke,* 7 Q. B. 339; *Free Fishers* v. *Gann,* 20 C. B. N. S. 1; *Gann* v. *Free Fishers,* 11 Ho. of L. 192.

Waters not navigable, whether still water or streams, were held by unconditional title.    *State* v. *Pottmeyer,* 33 Ind. 402 (5 Am. R. 227) ; Coulson and Forbes, Waters 98, 101, 369; Bell's Law of Scotland, 171 ; Hunt, Boundaries and Fences, 19; Gould, Waters, §§ 80, 81; *McKenzie* v. *Banks,* 3 H. of L. 1324; *Marshall* v. *Navigation Co.* 3 B. & S. 732; *Bristow* v.

*Cormican,* 3 App. Cas. 641; *Bloomfield* v. *Johnson,* Ir. R. 8 C. L. 89; *Bristow* v. *Cormican,* Ir. R. 10 C. L. 434.

The great body of American courts have abolished the tidal test of navigability and adopted the fact as the criterion. Gould, Waters, § § 47, 52, 54; *The Daniel Ball,* 10 Wall. 557; *Genesee Chief* v. *Fitzhugh,* 12 How. 443; *Barney* v. *Keokuk,* 94 U. S. 324.

In Massachusetts and Maine the cases both of title and boundary have all been provably or admittedly subject to the ordinance. In no case has an outstanding private title in a pond, prior to the ordinance, been shown or its effect decided. *Bradley* v. *Rice,* 13 Maine, 198; *Lowell* v. *Robinson,* 16 Maine, 357; *Robinson* v. *White,* 42 Maine, 209; *Hathorn* v. *Stinson,* 10 Maine, 224; *Mansur* v. *Blake,* 62 Maine, 38.

In other states it is only the great inland lakes which are navigable and highways of inland communication and trade where the boundary stops at high or low water, while in the small unnavigable ponds the riparian bound is the centre. *Champlain Co.* v. *Valentine,* 19 Barb. 484; *Fletcher* v. *Phelps,* 28 Vt. 257; *Austin* v. *Railroad Company* 45 Vermont, 215; *State* v. *Gilmanton,* 9 New Hampshire, 461; *State* v. *Franklin Falls Co.* 49 New Hampshire, 240 (6 Am. R. 513); *Sloan* v. *Beimiller,* 34 Ohio St. 492; *Delaplaine* v. *R. R.* 42 Wis. 214 (24 Am. R. 386); *Seaman* v. *Smith,* 24 Ill. 521; *Ledyard* v. *Ten Eyck,* 36 Barb. 102; *Cobb* v. *Davenport,* 32 N. J. L. 369; *Ridgway* v. *Ludlow,* 58 Ind. 248; *Edwards* v. *Ogle,* 76 Ind. 302; *Forsyth* v. *Smale,* 7 Biss. 201; *Marsh* v. *Colby,* 39 Mich. 626 (33 Am. R. 439); *Rice* v. *Ruddiman,* 10 Mich. 125.

Now in America the title to both land and water was originally in the crown by right of discovery. Gould, Waters, § 30; *Com.* *Roxbury,* 9 Gray, 451; 1 Black. Com. 107; *Bogardus* v. *Trinity Church,* 4 Paige, 178.

Thus the title was in King James I as sovereign of England in 1620, and the grant, patent or charter of 1620, to the council of Plymouth did convey the *jus privatum* in all the territory within its limits, and as such is the foundation of all titles in

New England. Lily Pond is within the limits of the Plymouth charter. It is non-navigable in fact. Of this the court will take judicial notice. *Ross* v. *Faust*, 54 Ind. 471 ; *Mossman* v. *Forest*, 27 Ind. 233 ; *Neaderhouser* v. *State*, 28 Ind. 257 ; *Wood* v. *Fowler*, 26 Kan. 682 (40 Am. R. 330).

In 1629 this pond was conveyed by feoffment to Beauchamp and Leverett and it then stood as private property subject to no public use. It thus stood at the time of the colony ordinance of 1641 – 7. It will be noted that this ordinance is not declarative of the common law but wholly subversive of ·it, both as to flats and ponds. The appropriation of private property for public use is one of the highest powers and even ambiguous grants or statutes will not be so construed. The presumption is against it. *Glover* v. *Boston*, 14 Gray, 282 ; *Wilson* v. *Lynn*, 119 Mass. 174 ; *Queen* v. *Robertson*, 6 Can. Sup. Ct. 52.

The Massachusetts cases uniformly recognize the exception of all lands previously appropriated to private persons. *Tudor* v. *Water Works*, 1 Allen, 164 ; *W. Roxbury* v. *Stoddard*, 7 Allen, 158 ; *Berry* v. *Roddin*, 11 Allen, 577 ; *Hittinger* v. *Eames*, 121 Mass. 539.

Private property can be taken for public use only by eminent domain in a public exigency and on condition of compensation. 3 Kent's Com. 339 ; *Sinnickson* v. *Johnson*, 2 Harr. (N. J.) 129 ; *Gardner* v. *Newburgh*, 2 Johns. Ch. 162 ; *Pumpelly* v. *Green Bay Co*. 13 Wall. 178 ; Vattel's Law of Nations, 112.

Thus existing private titles to ponds within the colony were ·exempt from the operation of the ordinance : (1) By its express terms ; (2) By the fundamental limitations of legislative power.

The case of a title ante-dating the ordinance as in this case has never been decided but is of new impression and the court is therefore free to decide this case according to the very right.

Lily pond being held by private title free from the ordinance, title in it could be gained by prescription. *Prop. Ken. Pur.* v. *Laboree*, 2 Maine, 275 ; *Robison* v. *Swett*, 3 Maine, 316 ; *Gookin* v. *Whittier*, 4 Maine, 16 ; *Ross* v. *Gould*, 5 Maine, 204 ; *Foxcroft* v. *Barnes*, 29 Maine, 128 ; *Putnam's School* v. *Fisher*, 30 Maine, 523 ; *Robinson* v. *Brown*, 32 Maine, 578 ; *Nichols* v. *Suncook Manufacturing Co*. 34 N. H. 345.

And if the ordinance applied in full force, still title may be acquired against the public by prescription, either to the soil, fishing, or ice. Gould, Waters, § 22 and note, § 37, note 5 ; *Carter* v. *Murcot*, 4 Burrows, 2162 ; *Randolph* v. *Braintree*, 4 Mass. 315 ; *Proctor* v. *Wells*, 103 Mass. 216 ; *Moulton* v. *Libbey*, 37 Maine, 472 ; *Preble* v. *Brown*, 47 Maine, 284 ; *W. Roxbury* v. *Stoddard*, 7 Allen, 158 ; *Hittinger* v. *Eames*, 121 Mass. 539 ; *Ridgway* v. *Ludlow*, 58 Indiana, 248 ; *Jackson* v. *Bowen*, 1 Caines, 358.

*A. P. Gould*, for the defendant, cited : *Barrows* v. *McDermott*, 73 Maine, 441 ; 12 Maine, 229 ; 1 Winthrop's History of New Eng. 322 ; 7 Allen, 166 ; *Paine* v. *Woods*, 108 Mass. 160 ; *Barker* v. *Bates*, 13 Pick. 258 ; *Storer* v. *Freeman*, 6 Mass. 435 ; Washburn, Easements [411], (492, 2d ed.) ; *Marshall* v. *Steam Nav. Co.* 113 E. C. L. 732 ; Angell, Watercourses, § 94 ; *Mayor, &c.* v. *Spring Garden*, 7 Burr. 348 ; 111 Mass. 464 ; *Moor* v. *Veazie*, 32 Maine, 356 ; *Moulton* v. *Libbey*, 37 Maine, 472 ; *U. S.* v. *Hoar*, 2 Mason, 311 ; *Knox* v. *Chaloner*, 42 Maine, 150 ; *Berry* v. *Carle*, 3 Maine, 269 ; *Wadsworth* v. *Smith*, 11 Maine, 278 ; *Brown* v. *Chadbourne*, 31 Maine, 9 ; *Dyer* v. *Curtis*, 72 Maine, 181 ; *Stoughton* v. *Baker*, 4 Mass. 522 ; *West Roxbury* v. *Stoddard*, 7 Allen, 158 ; *Cottrill* v. *Myrick*, 12 Maine, 222 ; *Chalker* v. *Dickinson*, 1 Conn. 382 ; *Thomas* v. *Marshfield*, 13 Pick. 240 ; *Com.* v. *Vincent*, 108 Mass. 441 ; *Fay* v. *Danvers Aq. Co.* 111 Mass. 27 ; *Rowell* v. *Doyle*, 131 Mass. 474 ; *Gage* v. *Steinkrauss*, 131 Mass. 222.

WALTON, J. In this State, ponds containing more than ten acres are public ; and the right to cut ice upon them is a public right, free to all. In this particular, the right of a riparian owner is no greater than that of every other citizen. And the exercise of the right by a riparian proprietor, although continued for more than twenty years, will not enlarge his right. It will still be no more than a right in common. It will not thereby be changed from a common to an exclusive right. The exercise of such a right is in no respect adverse or aggressive, and prescription can not be predicated upon its exercise, however long continued. The right to take ice from a public pond, like all

public rights, must be exercised in a reasonable manner, and with a due regard to the equal rights of others, as the right to boat, to fish, to dig clams and oysters, must be exercised in our bays and harbors, and on the sea itself. And it is the opinion of the court that the right of the parties to this litigation to cut ice on Lily Pond is equal; that neither has a right superior to, or to the exclusion of, the other. True, the defendants are a corporation, and their charter authorizes them to cut ice on Lily Pond. But there is nothing in the charter to indicate that the right was intended to be exclusive. And it is the opinion of the court that it is not exclusive; that both parties must exercise the right in a reasonable manner, and with a due regard to the rights of each other, and of all others who may wish to take ice from the pond. The claim of the plaintiffs to an exclusive right to cut ice on Lily Pond opposite to so much of the shore as they own or have leases of, can not be sustained. Lily Pond, it is admitted, contains more than ten acres. It is, therefore, a "great pond," within the meaning of the ordinance of 1641–7; and by the principles of that ordinance (which have been too many times recognized, sanctioned, and declared to be a part of the common law of this State, to be now disregarded) it is a public pond, and the use of it free to all, who can reach it without trespassing upon the lands of others. *Barrows* v. *McDermott*, 73 Maine, 441; *West Roxbury* v. *Stoddard*, 7 Allen, 158; *Hittinger* v. *Eames*, 121 Mass. 539.

Such being the law, of course the plaintiffs' bill, in which they ask that the defendants may be enjoined from cutting ice "between the shores under their (the plaintiffs') ownership or control and the center of the pond in front of the same," can not be sustained. But, as the principal question is a new one in this State, and there is evidence that the defendants as well as the plaintiffs have claimed greater rights than they are entitled to, and it was equally important to both parties to have their rights judicially determined, we think the bill should be dismissed without costs.

*Bill dismissed. No costs.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.